The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner George T. Glenn II. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses in part and affirms in part the Deputy Commissioner's Opinion and Award. At the hearing, the Deputy Commissioner did not allow the submission of any expert medical testimony. Pursuant to N.C. Gen. Stat. 97-85, the Full Commission by an Interlocutory Opinion and Award filed on March 23, 1998, reopened the record in this matter to receive medical evidence by deposition of Dr. McQueen, which was received by the Industrial Commission on May 29, 1998.
The Deputy Commissioner found as fact that N.C. Gen. Stat. § 97-18(d) barred the defendant's denial of plaintiff's back and leg injury because defendant failed to admit or deny the claim within 90 days after receiving notice of the claim.
The Industrial Commission Forms 18, 33 and 33R, while a part of the Commission files, are not evidence of record unless introduced and received into evidence at the hearing. Rule 611(5) of the N.C. Workers' Compensation Rules. In this case, the parties failed to introduce the Commission forms into evidence. It is unclear from the evidence of record exactly when defendant received notice that plaintiff was also alleging a back injury resulting from the August 19, 1995 incident. Timothy Huffstetler, the defendant-employer's human resources manager, acknowledged at the hearing before the Deputy Commissioner that he knew plaintiff had filed a Form 18 on or about October 6, 1995, and that defendant did not file a Form 33R until March 27, 1996. It therefore appears that defendant did not timely deny plaintiff's claim and did not comply with the fourteen-day denial period required in N.C. Gen. Stat. § 97-18(c).
However, this is not a situation in which defendant was paying without prejudice pursuant to a Form 63, and therefore the 90-day period to accept or deny a claim found in N.C. Gen. Stat. § 97-18(d) and upon which the Deputy Commissioner based his decision does not apply. The statutes are unclear as to the penalty for a defendant's failure to accept or deny a claim in a reasonably timely manner. Therefore, the failure to do so may subject the violator to appropriate sanctions, as provided in Rule 802 of the N.C. Workers' Compensation Rules.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Worker's Compensation Act.
2. The employer-employee relationship existed between the defendant-employer and the plaintiff at all relevant times herein.
3. Defendant was an approved self-insured and Willis-Corroon Administrative Services was the administrator of defendant's workers' compensation plan.
4. The employee's average weekly wage at the time of the alleged injury was $391.09, yielding a compensation rate of $260.73.
5. No temporary total disability benefits have been paid to plaintiff by defendant. Plaintiff has received short-term disability benefits under defendant's disability benefits plan.
6. On August 19, 1995, plaintiff sustained a work-related injury to his right ring finger and left small finger while in the course and scope of his employment with defendant. Defendant provided medical treatment for plaintiff's injuries to his right ring finger and left small finger.
7. The issues to be determined at the hearing were:
 a) Whether plaintiff has reached maximum medical improvement with respect to the injuries he sustained to his right ring finger and left small finger and if so, the degree of impairment sustained?
 b) Whether plaintiff sustained any other compensable injuries including an injury to his back on August 19, 1995?
 c) Whether defendant is entitled to an offset or credit for the short-term disability benefits paid to plaintiff under defendant's self-funded disability benefits plan?
 d) Whether defendant has failed to comply with N.C. Gen. Stat. § 97-18(d) in either accepting or denying plaintiff's claim for compensation due to his claimed injuries to his back and fingers?
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. At the time of hearing before the Deputy Commissioner, plaintiff was fifty-one years old. He obtained his G.E.D. while serving in the Navy and has completed computer courses at a community college.
2. Plaintiff was employed by defendant as a set up person.
3. On August 19, 1995 at approximately 12:30 P. M., plaintiff was attempting to start up a machine which had become stuck. He opened the machine up and reached in to dislodge the parts that were stuck. As he did so the machine came down onto his right ring finger catching and cutting it. Plaintiff struggled to free himself from the machine, by reaching into the machine with his left hand to free his right hand. While doing so his left small finger was cut by a knife contained within the machine. Plaintiff also bruised both of his thighs in his efforts to free his hands, but he did not notice the bruises until August 21, 1995.
4. Plaintiff immediately reported the accident and he filed a written report. The quality control person, Vicki Fletcher, was with plaintiff at the time of this incident.
5. Plaintiff worked his regular job the following day, August 20, 1995, and had his usual days off on August 21-23. While he was at home on August 21, 1995, plaintiff began to experience back pain on the left side which shot into his left hip and leg. He sought chiropractic treatment that day from Dr. Scott Broadnax. Plaintiff returned to work on August 24, 1995 and continued working until October 11, 1995.
6. Plaintiff had previously injured his back while building a carport at his home on July 4, 1995, and had received treatment from Dr. Broadnax, but plaintiff had not missed any work as a result of the injury he suffered on July 4, 1995.
7. Plaintiff subsequently was referred by his family physician to Dr. Donald McQueen, an orthopedist. He first saw Dr. McQueen on September 11, 1995 and was diagnosed with a herniated disc at L4-5. On December 18, 1995, Dr. McQueen performed a laminotomy and discectomy.
8. Plaintiff missed no time from work due to his hands. Since October 11, 1995, plaintiff has not returned to work due to his back condition. At the time of the hearing before the Deputy Commissioner, plaintiff was able to sit for a period of one to two hours, stand for fifteen to twenty minutes at a time and walk for thirty to forty-five minutes. His left toes were numb and he walked with a limp.
9. Defendants admitted the compensability of the injuries to plaintiff's right ring finger and left small finger and have provided medical treatment for these injuries.
10. Plaintiff filed a report of injury on or about October 6, 1995, but the defendants did not file a Form 33R until March 27, 1996. Therefore, defendants failed to timely deny or admit the plaintiff's back claim.
11. As a result of the injury by accident on August 19, 1995, plaintiff has an eight percent permanent functional impairment to his right hand and a ten percent permanent functional impairment to his left hand.
12. Defendant paid to plaintiff short-term disability benefits of $130.00 per week for two weeks beginning October 11, 1995, and $150.00 per week beginning October 26, 1995 and continuing until December 31, 1995. These payments totaled $1,610.00.
13. Plaintiff's back condition and resulting disability are causally related to plaintiff's injury by accident suffered on August 19, 1995 and therefore are compensable.
14. Defendant had reasonable grounds upon which to defend this claim.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On August 19, 1995, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. As a result of the compensable injury by accident, plaintiff sustained injuries to his right ring finger and left little finger but missed no time from work due to those injuries and is therefore not entitled to receive any temporary total disability compensation for these injuries. N.C. Gen. Stat. § 97-29.
3. As a result of the compensable injury by accident, plaintiff sustained an injury to his back, and since October 11, 1995, plaintiff has not returned to work due to his back condition. Plaintiff is entitled to temporary total disability from October 11, 1995 until such time as plaintiff returns to work at a wage equal to or greater than he earned prior to his August 19, 1995 accident or for the statutorily allowed maximum of 300 weeks. N.C. Gen. Stat. § 97-30.
4. Plaintiff is entitled to payment of all medical expenses incurred or to be incurred as a result of the injuries he sustained. N.C. Gen. Stat. § 97-25.
5. Defendant has already compensated plaintiff for his disability pursuant to a short-term disability plan. Defendant is entitled to a credit for the payments made to the plaintiff under the short-term disability policy. N.C. Gen. Stat. § 97-42.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay all reasonable medical expenses incurred or to be incurred in the future by plaintiff as a result of his compensable injury when bills for the same have been submitted through the defendants and approved according to procedures adopted by the Industrial Commission.
2. For his temporary total disability, plaintiff is entitled to temporary total disability compensation at the rate of $260.73 per week from October 11, 1995 to the date of the hearing and continuing until further order of the Industrial Commission. Such compensation as has accrued shall be paid in a lump sum subject to an attorney's fee hereinafter approved.
3. A reasonable attorney's fee of twenty-five percent (25%) of the compensation due plaintiff under paragraph two of this Award is approved for plaintiff's counsel and shall be deducted from the sum due plaintiff and paid as follows: twenty-five percent (25%) of the lump sum due plaintiff under paragraph two of this Award shall be deducted from that sum and paid directly to plaintiff's counsel; thereafter, plaintiff's counsel shall receive every fourth compensation check.
4. Defendant shall pay the costs.
 ORDER
IT IS FURTHER ORDERED that that the defendants shall pay $500 as a sanction for its failure to accept or deny plaintiff's back claim in a reasonable and timely manner. N.C. Gen. Stat. § 97-18(c); Rule 802, N.C. Workers' Compensation Rules.
This the _____ day of June 1998.
 S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ___________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
LKM/jth